# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Gary White, III, Respondent.

Appellate Case No. 2021-000029

---

Opinion No. 28038
Submitted June 3, 2021 – Filed June 23, 2021

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

William Gary White, III, of Leesville, Pro Se.

---

**PER CURIAM:**    In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of any sanction contained in Rule 7(b), RLDE, Rule 413, SCACR,
and agrees to pay the costs incurred by ODC and the Commission on Lawyer
Conduct (Commission) in investigating and prosecuting this matter.  We accept the
Agreement and suspend Respondent from the practice of law in this state for three
years.

## I.

## Matter A

On March 7, 2011, Respondent filed a summons and complaint in state court on
behalf of Client A.  Respondent did not serve the summons and complaint on

behalf of his client. On that same date, this Court suspended Respondent from the practice of law in this state for a period of ninety days. *In re White*, 391 S.C. 581, 707 S.E.2d 411 (2011). On March 11, 2011, this Court appointed Ian McVey to serve as an attorney to protect the interests of Respondent's clients, including assuming responsibility for Respondent's client files. In this role, McVey discovered that Client A had written three letters to Respondent on April 12, 2011, April 19, 2011, and April 20, 2011.

On April 27, 2011, McVey wrote to Client A, informing him of Respondent's suspension and that Respondent therefore could not represent Client A. McVey also informed Client A that he would file a motion to stay the proceedings in the lawsuit Respondent had filed on Client A's behalf. On May 11, 2011, McVey filed a motion requesting that the circuit court stay the pending action until it could be "transferred to other counsel or the end of [Respondent's] suspension whichever comes first." At the time of Respondent's suspension, Client A was incarcerated.

On June 11, 2011, Respondent was reinstated to the practice of law in this state and thereafter remained counsel of record for Client A. Over a year and a half after Respondent was reinstated to the practice of law, he had taken no further action on behalf of Client A in the prosecution of Client A's case. Indeed, Respondent failed to serve the summons and complaint or prosecute Client A's case. On December 4, 2012, the circuit court dismissed the lawsuit with prejudice pursuant to Rule 5(d), SCRCP, stating "over a year and a half after [Respondent's] suspension ended, it appears that no further action has been taken towards the prosecution of this action."

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.3 (diligence) and Rule 1.4 (communication).

## Matter B

In September 2013, Respondent secured the court-reporting services of Southern Reporting, Inc., for four depositions. Southern Reporting produced and delivered the transcripts Respondent requested. On September 12, 2013, Southern Reporting invoiced Respondent for its deposition services in the amount of $752.95. Respondent did not remit payment. After multiple inquiries from Southern Reporting requesting that Respondent pay the invoices, Respondent emailed Southern Reporting on February 5, 2014, stating "I [will] start getting you caught

up." On April 3, 2014, Southern Reporting submitted a complaint to ODC regarding Respondent's failure to pay for its services. Respondent did not pay Southern Reporting for its services until June 2015.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 4.4 (respect for rights of third persons) and Rule 8.4(e) (conduct prejudicial to the administration of justice).

## Matter C

Respondent represented Client C as a plaintiff in a lawsuit in federal court. The defendants in the lawsuit served written discovery requests on Respondent; however, Respondent provided only partial and incomplete responses and failed to complete standard interrogatories required by the local civil rules. Additionally, Respondent and his client failed to appear at Client C's duly noticed deposition. Thereafter, the defendants in the lawsuit moved to dismiss the action based on Respondent's failure to comply with the discovery rules. In his response to the motion to dismiss, Respondent referred to himself as a "semi-retired attorney with no staff or resources." The federal court denied the motion to dismiss and ordered Respondent to pay $3,015 of the defendants' legal fees as a sanction for Respondent's failure to comply with the court's discovery rules. This sum was payable within thirty days. Respondent did not move to reconsider or modify the order sanctioning him.

Respondent failed to pay the sum ordered, and the defendants again moved to dismiss. At the hearing, Respondent admitted he violated the sanctions order and had not represented his client competently but offered no substantive explanation for his repeated failure to adhere to court rules. Respondent requested a payment plan, and the case was permitted to proceed. However, several months later, the federal court granted summary judgment in favor of the defendants. Notably, the evidence Respondent cited in opposition to the motion for summary judgment could not be considered because Respondent had not disclosed it in discovery.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); Rule 3.4(d) (failing to make reasonable efforts to comply with a legally proper discovery request); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (conduct prejudicial to the administration of justice.)

## II.

Respondent admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(5) conduct tending to pollute the administration of justice); and 7(a)(7) (willful violation of a valid court order). Respondent also agrees that within thirty days of the imposition of discipline, he will pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

In terms of the appropriate sanction, we note Respondent's disciplinary history includes three published opinions from this Court. *See In re White*, 391 S.C. 581, 707 S.E.2d 411 (2011) (imposing a ninety-day definite suspension and citing Rule 1.1 (competence), Rule 4.4 (respect for rights of third persons), and Rule 8.4(e) (conduct prejudicial to the administration of justice), RPC, Rule 407, SCACR); *In re White*, 378 S.C. 333, 663 S.E.2d 21 (2008) (imposing a six-month definite suspension citing Rule 1.1 (competence), Rule 1.2 (consulting with client and abiding by client's decisions), Rule 1.4 (communication), Rule 1.5 (properly concluding contingent fee matters), Rule 1.15 (safeguarding client property and rendering full accounting regarding client property), Rule 8.4(d) (conduct involving dishonesty), and Rule 8.4(e) (conduct prejudicial to the administration of justice), RPC, Rule 407, SCACR); and *In re White*, 328 S.C. 88, 492 S.E.2d 82 (1997) (publicly reprimanding Respondent for violating Rule 1.15(a) (comingling funds), Rule 1.16(d) (persistent refusal to return client file at the conclusion of representation), and Rule 3.5 (ex parte communication with the court), RPC, Rule 407, SCACR).

Respondent also received an admonition in 2001 citing Rule 1.1 (competence), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 3.1 (frivolous proceeding), Rule 3.2 (expediting litigation), Rule 3.4 (fairness to opposing party and counsel), and Rule 5.3 (responsibilities regarding non-lawyer assistants), RPC, Rule 407, SCACR. *See* Rule 7(b)(4), RLDE, Rule 413, SCACR ("[A]n admonition may be used in subsequent proceedings as evidence of misconduct solely upon the issue of sanction to be imposed."). Additionally, from 1998 to 2012, Respondent received four letters of caution citing various Rules of Professional Conduct, Rule 407, SCACR, including Rule 1.3 (diligence), Rule 1.4 (communication), and Rule 8.4 (misconduct), all of which are implicated in the current matter. *See* Rule 2(s), RLDE, Rule 413, SCACR (a letter of caution may be considered in a subsequent

disciplinary proceeding against the lawyer if the caution or warning contained therein is relevant to the misconduct alleged in the proceedings).

## III.

In light of Respondent's lengthy disciplinary history and pattern of misconduct, we find a three-year definite suspension is appropriate. We accept the Agreement and suspend Respondent from the practice of law in this state for a period of three years. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**